UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cv-14322-JEM/Becerra

DIANE TIRADO,

      Plaintiff

v.

ST. LUCIE PUBLIC SCHOOLS,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** came before the Court on Defendant St. Lucie Public Schools' Motion to Dismiss and/or For More Definite Statement.[1]  ECF No. [8].  Plaintiff Diane Tirado filed a response to the Motion, and Defendant filed a reply.  ECF Nos. [9], [10].  Upon due consideration of the Motion, the applicable law, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that the Motion be **DENIED**.

**I.**    **BACKGROUND**

This is an action under 42 U.S.C.§ 1983.  Plaintiff alleges that she was hired as an eighth grade U.S. History teacher at Westgate K-8, a "public school under the purview of Defendant," in August, 2018.  ECF No. [1].  According to the Complaint, Westgate K-8 had a "best practice … wherein teachers are instructed to provide a grade of no less than 50% regardless of whether the assignment was actually completed or turned in by any given [student]." *Id*. at ¶ 8. Plaintiff alleges that she "frequently expressed her concern with the best practices to her colleagues and

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge.  ECF No. [6].

1

administrators, wherein she stated her belief that it was harming her student's education among other opinions concerning the best practice." *Id*. at ¶ 11.

The Complaint raises a single claim under § 1983, alleging that Defendant retaliated against Plaintiff for exercising her First Amendment rights. *Id*. at ¶ 17. In particular, Plaintiff alleges that "Defendant's agents" terminated her in September, 2018 "as a result of her communications [criticizing] the best practice and her refusal to adhere to it," which Plaintiff alleges constitutes constitutionally protected speech. *Id*. at ¶¶ 13, 16-17.

Defendant filed a Motion to Dismiss the Complaint and/or For More Definite Statement. ECF No. [8].  Defendant argues that dismissal with prejudice is appropriate for three reasons. First, Defendant asserts that the Complaint is "duplicative and cumulative" of a pending state court action that Plaintiff filed against the individuals who terminated her, although Defendant is not a party to the state court action. *Id*. at 1-2, 4.  Second, Defendant asserts that Plaintiff failed to satisfy conditions precedent to bringing this lawsuit because she did not file a charge of discrimination with the Equal Employment Opportunity Commission, which purportedly renders her claim time-barred. *Id*. at 2-3.  Third, Defendant asserts that "it is not exactly understood how the Defendant could have allegedly violated [Plaintiff's] freedom of speech as the Plaintiff … [has] merely been deprived of her employment status with Defendant to which she had no property interest or right." *Id*. at 3.  Alternatively, Defendant argues that a more definite statement is required because the Complaint is "vague and ambiguous." *Id*. at 4.

Plaintiff opposes the Motion, arguing that Defendant has misconstrued the Complaint because her "cause of action is founded under 42 U.S. Code 1983, and not Title VII of the Civil Rights Act [of 1964], and is thus not time barred…." ECF No. [9] at 1.  Plaintiff also asserts that Defendant's argument that Plaintiff "did not have a property right or interest in [her] job" should not be considered because "such allegations are not found in [the] [C]omplaint." *Id*.  Plaintiff

2

further contends that this action "is entirely separate from" the pending state court lawsuit. *Id.* at 2. Finally, Plaintiff reiterates that her claim is based upon alleged deprivation of her "Free Speech rights" and states that she can amend the Complaint if further clarification is necessary. *Id.* at 1.

## II. ANALYSIS

Rule 8(a) of the Federal Rules of Civil Procedure only requires a short and plain statement of the claim and, as such, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading is facially plausible when it states enough facts for the court to draw a "reasonable inference" that the defendant is liable for the alleged conduct. *Id.* The factual allegations must provide more than a "sheer possibility." *Id.* When reviewing a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). However, a court need not accept plaintiff's legal conclusions as true. *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009).

Defendant's Motion advances several arguments for dismissal, however, none of the arguments proposed support a finding that Plaintiff has failed to state a claim upon which relief can be granted. Specifically, Defendant argues that there is a parallel state court lawsuit. However, Defendant provides no explanation as to why the existence of that lawsuit, which apparently involves different parties, is a basis to dismiss this action. Defendant states only in perfunctory fashion that "the claims alleged herein are likely duplicative and cumulative of the claims already brought in State Court which would be another reason for dismissal." ECF No. [8] at 4.

Defendant similarly offers no legal authority for its argument that Plaintiff cannot state a claim because she has "merely been deprived of her employment status … to which she had no

property interest or right." *Id*. at 3.  Defendant's failure to provide support for its argument is fatal as it is Defendant's burden to articulate and support its argument.  See *MY. P.I.I. LLC v. H&R Marine Eng'g, Inc.*, 544 F. Supp. 3d 1334, 1346 (S.D. Fla. 2021) (recognizing that the law demands that lawyers present their clients' cases with argument and citation); *see also Perez v. Bureaus Inv. Grp. No. II, LLC*, No. 1:09-CV-20784, 2009 WL 1973476, at *2 n.3 (S.D. Fla. July 8, 2009) (noting that it is not the Court's responsibility to research and develop the parties' undeveloped arguments).

Defendant's remaining argument for dismissal, that Plaintiff failed to file a charge of discrimination with the EEOC under Title VII, fares no better.  Title VII prohibits an employer from "fail[ing] or refus[ing] to hire an individual, or otherwise discriminat[ing] against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1).  The Complaint contains no allegations that could give rise to a Title VII claim, nor did Plaintiff expressly allege such a cause of action.  Nonetheless, Defendant contends that Plaintiff was required to file a charge of discrimination with the EEOC, and her failure to do so warrants dismissal with prejudice.  ECF No. [8] at 2.  There is no basis for Defendant to assert that the EEOC has jurisdiction over Plaintiff's claim, which is based upon retaliation for the exercise of her First Amendment rights, not discrimination or retaliation on the basis of a protected class.  Defendant's argument is without merit.

Notably, Defendant does not address the only claim that Plaintiff raised in the Complaint—a Section 1983 claim.  Defendants' Motion contains no discussion of the elements of a Section 1983 claim, nor does Defendant explain how the factual allegations of the Complaint are insufficient to satisfy those elements.  Instead, Defendant simply makes conclusory arguments without any analysis as to how the facts or the law support its position that dismissal is warranted.

Finally, as for Defendant's alternative argument that Plaintiff must provide a more definite statement, Defendant offers nothing more than a conclusory assertion. The undersigned has carefully reviewed the Complaint and finds that an amendment of the claim is not necessary. Whether the facts and the law ultimately support this claim is a question for a different day.

### III. CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss and/or For More Definite Statement, ECF No. [8], be **DENIED**.

### IV. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. The undersigned has shortened the objection period because the Defendant has not made any appearance in this lawsuit. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on July 18, 2023.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**