UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case Number: 22-14322-CIV-MARTINEZ-MCCABE

DIANE TIRADO,

    Plaintiff,

v.

ST. LUCIE PUBLIC SCHOOLS,

    Defendant.

_____/

## ORDER ON REPORT AND RECOMMENDATION

**THIS MATTER** was referred to the Honorable Ryon M. McCabe, United States Magistrate Judge, for a Report and Recommendation on Defendant's Motion for Summary Judgment, (ECF No. 17). Judge McCabe filed a Report and Recommendation ("R&R"), which recommended that Defendant's Motion for Summary Judgment be granted, (ECF No. 75). Plaintiff filed objections to the R&R ("Objections") (ECF No. 76), to which Defendant responded ("Response") (ECF No. 77).

This Court has a duty to "make a de novo determination of those potions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). It also may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court, having conducted a de novo review of the record and issues presented in the Objections, agrees with Magistrate Judge McCabe that Defendant is entitled to summary judgment, and overrules Plaintiff's Objections.

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

1

Civ. P. 56(a). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show "there is an absence of evidence to support the non-moving party's case." *Id.* at 325. After the movant has met its burden under Rule 56(a), the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact ... the court may ... grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial." *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Quigg v. Thomas Cnty. Sch. Dist.*, 814 F.3d 1227, 1235 (11th Cir. 2016) (cleaned up).

In deciding a motion for summary judgment, the Court must view the facts in the light most favorable to the non-moving party. *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). Also, the Court must resolve ambiguities and draw justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

To prevail on a § 1983 claim for deprivation of any rights, privileges, or immunities secured by the Constitution and laws, Plaintiff bears the burden to establish that (1) one or more of Defendant's employees violated her constitutional rights and (2) that the Defendant can be held

liable for the employee's violations under the demanding standard for municipal liability set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Plaintiff alleges that Defendant's Principal violated her constitutional right to free speech by firing her in retaliation of her regarding "zero-grade policy." (DE 1 ¶ 8). The First Amendment protects government employees from some, but not all, restraints on their right of free expression. *See, e.g., United States v. National Treasury Employees Union*, 513 U.S. 454, 465-66 (1995); *Pickering v. Board of Ed.*, 391 U.S. 563, 568 (1968). The *Bryson* test is applicable here, which examines (1) whether the employee's speech involves a matter of public concern, (2) whether the employee's interest in speaking outweighs the government's legitimate interest in efficient public service, (3) whether the speech played a substantial part in the government's challenged employment decision, and (4) whether the government would have made the same employment decision in the absence of the protected conduct. *Bryson v. City of Waycross*, 888 F.2d 1562, 1565–66 (11th Cir. 1989).

This Court agrees with Judge McCabe's finding that Plaintiff's interest in expressing her views regarding the zero-grade policy did not outweigh Defendant's interest in running an orderly school with all teachers following the same grading policy. *See Berry v. Bailey*, 726 F.2d 670, 676 (11th Cir. 1984) ("[W]e cannot encourage employees to defy their employers and refuse to perform their duties every time they think that the employer is running the office improperly"); *Hankard v. Town of Avon*, 126 F.3d 418, 422 (2d Cir. 1997) (noting that "the First Amendment's shield does not extend to speech and conduct closely connected with insubordination that impedes an employee's performance of his duties or that interferes with the proper functioning of the workplace") (cleaned up); *Domiano v. Village of River Grove*, 904 F.2d 1142, 1147 (7th Cir. 1990) (affirming summary judgment against a fire chief on his § 1983 First Amendment retaliation claim

after he publicly announced he would refuse to follow a newly passed ordinance that limited the fire department's transport of patients to certain local hospitals).

Regarding parts (3) and (4) of the *Bryson* test, the Court further agrees with Judge McCabe's finding that even if Plaintiff's free speech played a substantial motivating role in the decision to terminate her, Defendant would have reached the same decision even in the absence of the protected speech. This finding is supported by several reasons, including that Plaintiff was hired on a probationary period of employment, school administrators received multiple complaints concerning Plaintiff's failure to follow student IEPs – a mandatory requirement of state law, school administrators received a complaint that Plaintiff called a student "pathetic," causing him to cry in front of other students, school administrators received a complaint that Plaintiff refused to allow extra time to complete an assignment for a student whose grandfather had been hospitalized, and the school principal concluded, in total, that Plaintiff was causing a toxic work culture at the school.

Accordingly, the Court finds that the record evidence is so overwhelming that a reasonable jury could reach only one possible conclusion, and that there is no genuine issue of material fact regarding whether any of Defendant's employees violated Plaintiff's constitutional rights. Thus, Plaintiff has failed to establish a § 1983 claim against Defendant.

Plaintiff's Objections do little to persuade the Court otherwise, but instead merely continues to rehash the record and arguments already presented in opposition to Defendant's Motion that were considered and addressed in the R&R.

Accordingly, after careful consideration, it is hereby **ADJUDGED** that

1. United States Magistrate Judge McCabe's Report and Recommendation, (ECF No. 75), is **AFFIRMED AND ADOPTED**.

  2.  Plaintiff's Objections, (ECF No. 76), are **OVERRULED**.

  3.  Defendant's Motion for Summary Judgment, (ECF No. 17), is **GRANTED**.

  4.  The Clerk of Court is **DIRECTED** to **CLOSE** this case and **DENY** all pending motions as moot. Final judgment shall enter by separate order.

  **DONE AND ORDERED** in Chambers at Miami, Florida, this 24 day of July, 2024.

                _____
                JOSE E. MARTINEZ
                UNITED STATES DISTRICT JUDGE

Copied provided to:
Magistrate Judge McCabe
Diane Tirado, *pro se*
All counsel of record